FULL NAME
Ronald D. Birch

COMMITTED NAME (if different)
C.M.C. East - State Prison

FULL ADDRESS INCLUDING NAME OF INSTITUTION
P.O. Box 8101, San Luis Obispo CA 93409
H - 65259

PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT
OCT 29 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RONALD DAVID BIRCH

PLAINTIFF,

v.

ET. AL
T. GONZALEZ
DEFENDANT(S).

CASE NUMBER

CV10-07749
To be supplied by the Clerk
CJC (DTB)

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED
2010 OCT 15 PM 3:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 13 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____


## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure. (See Attached Exhibits )

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff **Ronald D. Birch**
(print plaintiff's name)

who presently resides at **C.M.C. EAST STATE PRISON, P.O. Box 8101 6206, SAN Luis Obispo CA. 93409**
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

**California Mens Colony - EAST STATE PRISON**
(institution/city where violation occurred)

---

on (date or dates) _12-12-07_ , _12-12-07_ , _12-12-07_ .
              (Claim I)             (Claim II)           (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _J. Clayton_ resides or works at
      (full name of first defendant)
                      _UNKNOWN_
      (full address of first defendant)
      _Facility 'CAptAiN' "A" yard, ChairPersoN · UCC._
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_This defendant acted with 'Deliberate Indifference' 5th, 8th, 14th Amend._
_also violated Plaintiff's 'Due Process' 5th, 8th, 14th, Amendments._

2. Defendant _L. OShiro_ resides or works at
      (full name of first defendant)
                   _UNKNOWN_
      (full address of first defendant)
      _CC·II-A yARd Recorder, UCC. Committee_
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_" Deliberate Indifference ' 5th, 8th, 14th Amendments_
_" Due Process '' 5th, 8th, 14th, Amendments_

3. Defendant _T. Barkas_ resides or works at
      (full name of first defendant)
                   _UNKNOWN_
      (full address of first defendant)
      _CC-I 'A-yaRd' U.C.C. Committee member._
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_" Deliberate Indifference '' 5th 8th 14th Amendments_
_" Due Process '' 5th, 8th, 14th, Amendments_

4. Defendant ___T. Gonzalez_____ resides or works at
(full name of first defendant)

___Unknown___
(full address of first defendant)

___Warden___
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
___"Deliberate Indifference" 5th, 8th, 14th Amendments.___
___"Due Process" 5th, 8th, 14th Amendments___

5. Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

Plaintiff's Substantive Rights under the 5th, 8th, 14th Amendments were violated. Because the Rights Related to living Conditions, and Disciplinary Treatment were disregarded and treated with Deliberate Indifference. Which in turn, Plaintiff suffers from some imminent harm to his personal safety because of said actions.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

On 12-12-07 Plaintiff appeared before C.M.C. East - State Prison / A-Quad - Classification Committee (See attached: Exhibit #4). And it was at this time, that the Committee elected to affix an "R" suffix to Plaintiff's Custody. (See attach Exhibits) Plaintiff sought to change this issue due to the danger that it places him within... For Sex - Offenders are open targets for abuse by the inmate population. Plaintiff have suffered the shame and fear of being a victim, due to this new status.

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

Plaintiff seeks monetary damages in the amount of $250,000 dollars.

Plaintiff seeks to be restored back to the Custody Status that he was originally at before this Change.

Plaintiff seeks to have C.D.C.R. Change it's policy Concerning other inmates of the Same Circumstances.

Plaintiff seeks to have No Change at the placement he now have (C.M.C. East) [No Transfers]

Plaintiff seeks that No reprisals be done unto him because of this action.

Plaintiff seeks to have Counseling Concerning the mental damage this problem have Caused me.

9-7-10
_(Date)_

Ronald Q. Birch
_(Signature of Plaintiff)_

*PROOF OF SERVICE*

Declaration of Service by Mail

I, _Ronald D. Birch_____, declare that I am over the age of

Eighteen (18) and that I (am / am not) a party to this action. On _September_

_07_____, 20 _10_____, I deposited a copy of the following document (s):

Civil Rights Complaint
Pursuant to 42 U.S.C. 5S1983
And Exhibits

in a sealed envelope with the postage prepaid into the United States mail

outlet via an authorized California Department of Corrections employee at
~~CMC~~ SAN LUIS OBISPO
~~Ironwood~~ State Prison, in ~~Riverside County, Blythe~~, California, and

address as follows:

ATTN: Clerk of Court
United States District Court
Central District of California
312 North Spring St. Room G-8
L.A. California 90012

I declare under penalty of perjury by the laws of the State of

California that the foregoing is true and correct (pursuant to 28 USCA § 1746 (2) ).

DATE _9-7-10_____          SIGNATURE _Ronald D. Birch_

S173814

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re RONALD D. BIRCH on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

Werdegar, J., was absent and did not participate.

SUPREME COURT
FILED

SEP 23 2009

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
*Chief Justice*

# EXHIBIT 1

13.

Ronald D Birch
CDC:H65259
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Case Number B215997
Division  6

In re RONALD D BIRCH on Habeas Corpus.

MAY 31, 2009
APPROXIMATE

# EXHIBIT 2

14.

MC–275

Name: Ronald D. Birch

Address: California Men's Colony, P.O. Box 8101, San Luis Obispo, Ca. 93409-8101

CDC or ID Number: H-65259

COURT OF APPEAL-SECOND DIST.

F I L E D

MAY 11 2009

JOSEPH A. LANE          Clerk

VICTOR I. SALAS     Deputy Clerk

# CALIFORNIA COURT of APPEAL
## IN THE SECOND APPELLATE DISTRICT

(Court)

Ronald D. Birch

Petitioner

vs.

John Marshall, Warden

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

B215997

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and 4 copies of the petition and, if separately bound, 1 copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 2
CONTINUED

15.

COPY

## PETITIONER'S RESPONSE AND CONTENTIONS
## OF FACT AND LAW WHICH MERIT RELIEF

The Court of Appeal is requested to modify the Judgement of the Superior Court below which was entered by the Hon. Stephen B. Sefton, Commissioner. The Order denying the aforegoing Petition For Writ of Habeas Corpus was FILED on April 3rd, 2009, in San Luis Obispo, California.

As a matter of law the Superior Court has a duty in its inherent super-visory powers to require State agencies, boards or departments to comply with the spirit of the law (both civil and criminal), even where a Department like the C D C R has 'quasi-judicial powers' through its CLASSIFICATION COMMITTEE administrative authority.

The petitioner, Mr. Birch, was unjustly subjected to undue embarrassment and psychological hardship by the Classification Committee's attaching an "R" suffix to his paperwork and stating that he would 'have to register as a in-ferred sex offender when he is released on parole to the community'. This is an abuse of discretion for the trial Court not to state in its opinion that petitioner's civil rights were more than likely violated by libel, slander and or defamation by the Classification Committee's improper, scathing statements extending to parole in the community. The new REGULATION in the CDCR as shown at pages 26 through 29 in the habeas petition only apply to misconduct within the CDCR prison system, and have nothing to do with a misdemeanor crime single offense with which Mr. Birch was convicted of in 1988.

The Court also failed to acknowledge that Classification Committees are not permitted by law to retaliate in any way against a State prisoner for the assertion of his individual or civil rights within the prison setting.

The petitioner has stated a prima facie case for consideration under the provisions of **In re Reed** , 33 Cal. 3d 914, 922 (1983); and People v. Gill , 59 F. 3d 1010, 1012 (9th Cir. 1995).

Petitioner respectfully prays for relief.

Note: Any improper or libelous remark or state-
ment in the CDC 128G should be EXPUNGED *
from petitioner's prison file because by
existing law he is not required to register

Respectfully submitted,

x _Ronald Birch_

RONALD D. BIRCH, H-65259
Petitioner _In Pro. Se_ ...

EXHIBIT 2    16.

| | |
|---|---|
| SUPERIOR COURT, SAN LUIS OBISPO COUNTY<br>X    San Luis Obispo Branch, County Government Center, 1035 Palm Street<br>      Room 220, San Luis Obispo, CA 93408<br>      Paso Robles Branch, 549 10th Street, Paso Robles, CA 93446<br>      Grover Beach Branch, 214 South 16th Street, Grover Beach, CA 93433 | For Court Use Only |
| In re Ronald D. Birch,<br><br>                         Petitioner, | FILED<br>APR 03 2009<br>SAN LUIS OBISPO SUPERIOR COURT<br>BY: _____<br>G. Gavin, Deputy Clerk |
| Order Denying Petition for Writ of Habeas Corpus | HC-4430 (HC-1) |

THE PETITION FOR WRIT OF HABEAS CORPUS filed on March 27, 2009, is denied for the following reasons:

Petitioner claims, among other things, that his due process and other constitutional rights have been violated because prison officials have affixed an "R" suffix to his custody designation. Petitioner contends that at the time of his conviction of Penal Code section 314.1, indecent exposure, he was not required to register under Penal Code section 290 since it did not exist at that time. Petitioner alleges that the addition of the "R" suffix was a result of this new requirement to register and that such a requirement is ex post facto and invalid.

Whether or not the requirements of Penal Code section 290 require the petitioner to register is not at issue here since there is no documentation to show that the petitioner is being forced to register. Notwithstanding the allegations by the petitioner that he was informed the "R" suffix was being added to his classification due to a requirement that he register is not germane to the issue at hand. Therefore, there are no ex post facto issues.

California Code of Regulations (CCR) section 3377.1(b) provides, "An 'R' suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) 290." CCR section 3377.1(b)(3) states that when an inmate has in his past an arrest, detention or charge of an offense listed in Penal Code section 290 that inmate may appear before a classification committee at any time during his incarceration to determine the need to affix a "R" suffix to the inmate's classification. The committee shall take into consideration the arrest reports and other pertinent documentation in making its determination. (See CCR section 3377.1(b)(5)).

There is nothing in the regulations which says that the inmate convicted of a crime referenced in Penal Code section 290 has to register. As stated above, the purpose of the "R"

EXHIBIT 3

17.

suffix designation is, as determined by the classification committee, for the protection of inmates, staff and others to whom the designee has contact.

The acts of the committee are discretionary. These discretionary actions are not absolute and are subject to a prisoner's right to procedural due process. The officials' decision must have a factual basis and may not be based on whim, caprice, or rumor. While the evidence presented may be conflicting, the resolution of that conflict and the weight to be given the evidence was for the classification committee. As long as the decision reflects due consideration of the facts as applied to the petitioner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the prison official's decision. In re Powell (1988) 45 Cal. 3d 894, 904; In re Singler (2009) 169 Cal. App. 4th 1227).

There is nothing in the record which reflects that the action taken by the classification committee is arbitrary or capricious. Consequently, the petitioner's due process rights have not been violated. In conclusion, the facts alleged in the petition fail to show a prima facie case for relief. (People v. Duvall (1995) 9 Cal. 4th 474-475).

Dated:  April, 3, 2009

Stephen B. Sefton, Commissioner

2

EXHIBIT 3
CONTINUED

18.

Name: Ronald D. Birch

Address: California Men's
Colony, P.O. Box 8101
San Luis Obispo, Ca. 93409-8101

CDC or ID Number: H-65259

FILED MC-275

MAR 27 2009

SAN LUIS OBISPO SUPERIOR COURT
BY _____
Karen L. Liebscher, Deputy Clerk

## CALIFORNIA SUPERIOR COURT
## IN THE COUNTY OF SAN LUIS OBISPO
(Court)

Ronald D. Birch

Petitioner

vs.

John Marshall, Warden

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. HC 4430 (HC-1)

*(To be supplied by the Clerk of the Court)*

### INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and 4 copies of the petition and, if separately bound, 1 copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.360 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2009]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

*EXHIBIT 3*
*CONTINUED*

19.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  AUG 2 1 2008

In re:   Ronald Birch, H65259
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB Case No.: 0729526          Local Log No.: CMC-08-00708

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that the California Men's Colony (CMC) Unit Classification Committee inappropriately affixed an "R" suffix to his custody. The appellant states that the incident is more than twenty years old and was a one time offense; therefore, the "R" suffix is excessive. The appellant requests that the "R" suffix be immediately deleted from his custody designation.

**II   SECOND LEVEL'S DECISION:** The SLR found that upon review of the appellant's criminal history it was noted that he was arrested on November 12, 2987 for California Penal Code Section (PC) 314.1 Indecent Exposure and convicted of this charge on February 25, 2008. This required the classification committee to affix an "R" suffix to the appellant's custody designation. The institution states that although the appellant disagrees with this decision, he has failed to provide compelling information that refutes the evidence documented in his criminal history. The SLR noted that the Classification Staff Representative reviewed the "R" suffix and acted to confirm the designation. The appellant's request was denied at the SLR.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** The documentation and arguments presented are persuasive that the placement of the "R" suffix to the appellant's custody designation was completed in an appropriate manner. The California Code of Regulations, Title 15, Section (CCR) Section 3377.1 "An "R" suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in PC Section 290." In this case, the appellant's arrest, and conviction, clearly falls under these guidelines. Although the appellant attempts to minimize the severity of the offense it is determined that the appellant has failed to provide information that would support any modification to the classification committee's decision. Therefore no relief is provided at the Director's Level of Review.

   **B.   BASIS FOR THE DECISION:**
PC: 5058
CCR: 3000, 3001, 3270, 3375, 3375.2, 3376, 3377.1, 3379

   **C.   ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, CMC
      Appeals Coordinator, CMC

**EXHIBIT 3**
*CONTINUED*

20.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/89)

| No.  H65259 | Name:  BIRCH, RONALD | | Bed:  6296X | | CS:  35 | Level:  III |
|---|---|---|---|---|---|---|

Custody:   CLO BR            Annual:   9/2008         Assignment:   ABE II/III

WG:   A1    FG:   A     Eff:   3/25/06      Care Level:   CCCMS        DDP:   NCF      DPP:   N/A        TBA:   32

WL:                      TABE:   5.1      Next BPT:   IPCH 1/2029         Release Date:   MEPD 2/8/2030

Rx:     APPEAL DENIED LOG # O8-0708; REAFFIRM R SUFFIX

S appeared before ICC this date for a Second Level Appeal Response to CDC-602 Log # CMC-E-08-00708.  In person and in S's written appeal he is requesting to have the "R" suffix removed from his custody.  Committee notes that on 12/12/07, A-Quad UCC affixed an R suffix to S's Custody due to his 1988 conviction for PC 314.1 Indecent Exposure.  S's Rap sheet reveals he was arrested on 11/12/87 for PC 314.1 Indecent Exposure by the San Diego Police Department.   On 2/25/88 S was convicted of PC 314.1 for which he received probation and jail.  Noting S's date of birth (10/25/58) S was 29 years old at the time he was convicted.  Per CCR 3377.1(b)(1)(A) an "R" suffix shall be affixed _if_ the inmate is required to register per PC 290.  Review of PC Section 290 reveals S is required to register as a sex offender as he received an adult conviction for PC 314.1 Indecent Exposure.  S meets the criteria for the application of the R suffix.  **Based on the above Committee elects to Deny S's appeal and reaffirm "R" suffix designation.**  With exception of the above stated issues case factors remain unchanged since S's initial classification on 11/7/02.   Review of C-File reveals: CDCR 812 is noted for enemies.  Gang: none.  Confidential file is clear.  TB code of 32 per CDCR 128-C dated 10/23/07.  DDP/DPP is not applicable.  S is included in the MHSDS at a CCCMS level of care per CDCR 128-C dated 8/21/07.  TABE Score is 5.1.  Staff assistance was not requested or required.  Effective communication was achieved through the use of simple English spoken slowly and clearly.  Committee queried S to ensure S full understanding of issues discussed.  S fully participated in Committee action.  S understood the reason for Committee decision and disagreed with Committee's recommendation.  S stated, "I'm gonna fight this all the way."  S was advised of his right to appeal Committee action via the CDCR 602 process.

COMM:        E. Valenzuela                    B. Walta                         T. King
                   CDA (A) &                      Chief Psychiatrist (A)         C&PR
                   Chairperson                                                   Recorder

CC: Appeals, Inmate, Quad, & PT II

Date:    3-27-08                    INSTITUTIONAL CLASSIFICATION In Person          Inst:        CMC-E / A-Quad  jw

# EXHIBIT 4

21.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No.   H-65259         Name:   BIRCH, Ronald                    Bed:   CQ B6-6283        CS:  35/18     Level:   III

Custody:   CLO-BR           Annual:   09/2008        Assignment:   ABE II/III

WG:   A1      PG:   A       Eff:   03-25-2006     Care Level:   CCCMS        DDP:              DPP:              TBA:   32

WL:                    TABE:   5.1        Next BPH:                         Release Date:   MEPD 02-14-2030

Rx:    REFER CSR RX RETAIN CMC-E III CCCMS

S appeared before A-Quad UCC this date for a Program Review.  S was seen by UCC on 10/30/07 for his Annual Review and his case was referred to the CSR for CCCMS endorsement. Committee notes that S has a conviction for PC 314.1 Indecent Exposure and has a PC 290 registration. Committee is required to affix an "R" suffix per CCR Section 3377.1(b)(1). Committee re-refers this case to the CSR recommending retain CMC-E III with CCCMS level of care. S fully participated in this hearing, discussed his program with the committee and states he understands the committee decision and objects to having an "R" suffix affixed to his custody. Next UCC will be 12/2008 for Annual Review.

Date:   12-12-2007            PROGRAM REVIEW CLASSIFICATION In Person            Inst:      CMC-E / A-Quad  Ia

---

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No.   H-65259       Name:   BIRCH, Ronald                 Bed:   CQ B6-6283

Comm:      J. Clayton, F/C (A)            L. Oshiro, CC-II (A)              T. Barkas, CC-I
           Chairperson                    Recorder

CC: I/M and CC-I

Date:   12-12-2007            PROGRAM REVIEW CLASSIFICATION In Person            Inst:      CMC-E / A-Quad  Ia

---

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No.   H-65259       Name:   BIRCH, Ronald                 Bed:   CQ B6-6283

EXHIBIT 4

CONTINUED

22.

Date:   12-12-2007            PROGRAM REVIEW CLASSIFICATION In Person            Inst:      CMC-E / A-Quad  Ia

NO. :H-65259   NAME :BIRCH   ROOM : #B4-129 _____ MEPD 1-15-30   CS: 53
Custody: CLO-B   Annual: 9-24-01   TB Status:32
   WG: A1     PG: A     WL :    Assignment : VOC AUTO PAINT

Comments: CPP

INMATE BIRCH WAS REVIEWED IN ABSENTIA, AS HIS WAIVED HIS APPEARANCE BEFORE FAC.
"B" UCC TODAY FOR ANNUAL REVIEW.  THIS REVIEW COVERS FROM 9-24-99 THRU 9-24-00.
"S" IS CURRENTLY ASSIGNED TO VOC AUTO PAINT, AND IS COMFORTABLE IN THAT
POSITION.  AFTER REVIEWING ALL CASE FACTORS COMMITTEE ACTS TO CONTINUE HIM IN
HIS PRESENT PROGRAM.  CUSTODY STATUS HAS BEEN REVIEWED AND CLOSE-B REMAINS
APPROPRIATE.  CDC 840 HAS BEEN UPDATED AND REFLECTS A NET CHANGE OF -6 FOR A
CURRENT CS OF 53, CONSISTENT WITH LEVEL-IV HOUSING.  CASE FACTORS ARE AS
FOLLOWS: "S" IS A 41 YEAR OLD, WHITE, 2ND TERMER, RECEIVED CDC 8-25-97 AS A
PVWNT FROM SAN DIEGO COUNTY FOR THE OFFENSE OF BURGLARY 1ST, A 3RD STRIKE WHICH
RESULTED IN A TOTAL TERM OF 35 YEARS TO LIFE.  "S" WAS RECEIVED AT LAC ON 10-7-
97 FROM RJD-RC.  ARREST HISTORY CONSISTS OF PROPERTY CRIMES, AND

Date: 9-21-2000  ANNUAL REVIEW  CLASSIFICATION IN PERSON Inst.: CSP-LAC/mh

STATE OF CALIFORNIA — — — — — — — — — — — — — — — — — — — — — — — DEPARTMENT OF CORRECTIONS
                                                                  CDC-128G (Rev. 2/69)
NO. :H-65259    NAME :BIRCH    ROOM : #B4-129 _____

OBSTRUCT/RESISTING OFFICER.  DISCIPLINARY HISTORY CONSISTS OF BATTERY ON AN
INMATE.  THIS CASE HAS BEEN REVIEWED FOR SINGLE CELL STATUS AND DOUBLE CELLING
IS APPROPRIATE.  DURING PRE-COMMITTEE INTERVIEW "S" INDICATED THAT HE IS
COMFORTABLE WITH HIS CURRENT CELL PARTNER.  "S" IS U.S. BORN.  GPL IS 5.0 AND
IRL IS 6.4.  MEDICAL STATUS IS FD/C, THERE ARE NO MHSDS CONCERNS NOTED.  TB CODE
IS 32 PER CDC 128C DATED 10-13-99.  RESTITUTION IS ORDERED IN THE AMOUNT OF
$10,000 DOLLARS.  ESCAPE HISTORY CONSISTS OF A 6-2-80 WALK AWAY FROM CAMP.
THERE IS NO HISTORY OF ARSON OR SEX RELATED OFFENSES ON FILE.  THERE ARE NO
HOLDS, WARRANTS OR DETAINERS.  THE CDC 812 LISTS ENEMIES.  NO GANG AFFILIATION
IS NOTED.  THERE IS NO CONFIDENTIAL INFORMATION ON FILE.  "S" IS INELIGIBLE FOR
ISF, CAMP, CCF, REST, CCRC AND SAP BASED ON VIOLENT AND THE INSTANT OFFENSE AND
STATUS AS A LIFE TERM PRISONER.  THIS CASE DOES NOT MEET CRITERIA FOR MDO
REFERRAL.  REGISTRATION/NOTIFICATION IS NOT REQUIRED.  "S" IS AWARE OF AND
UNDERSTANDS COMMITTEE ACTIONS.  APPEAL RIGHTS HAVE BEEN EXPLAINED.  THERE ARE NO

Date: 9-21-2000  ANNUAL REVIEW  CLASSIFICATION IN PERSON Inst.: CSP-LAC/mh

STATE OF CALIFORNIA — — — — — — — — — — — — — — — — — — — — — — DEPARTMENT OF CORRECTIONS
                                                                CDC-128B (Rev 2/65)
NO. :H-65259    NAME :BIRCH    ROOM : #B4-129 _____

OTHER CASE CONCERNS AT THIS TIME.  NEXT ANTICIPATED REVIEW IS 9-24-2001 FOR
ANNUAL.

                        RECORDER:    J. ALLING, CCI

COMM:    G. JONES, FAC. CAPT/CHAIRPERSON    W. BURGESS, CCII

c:   CCI
     Inmate

# EXHIBIT 4

*CONTINUED*

23.

Date: 9-21-2000  ANNUAL REVIEW  CLASSIFICATION IN PERSON Inst.: CSP-LAC/mh

State of California

Department of Corrections
CDC 128-G

No. H-65259                          NAME:  BIRCH

*Comment*:      **CMC-E-III retention endorsed.  CS = 35.**

LIFE Prisoner Status is noted.  Next BPT hearing currently scheduled for 08/2008.  Inmate requires CCCMS level of MHSDS care.  CDC 128-C of 8-21-07 is noted.  Inmate is NCF per CDC 128-C2 of 7-17-03.  R suffix is noted.  Violent history noted (VIO).  TB Code is 32.  CDC 812 is noted.  Confidential file is clear.

J Parker, CSR

**Date:  12/24/2007**              **Classification  - CSR ACTION**              **CMC-E**

EXHIBIT 4
CONT'D
24.

NOTICE OF ADOPTION OF EMERGENCY REGULATIONS

California Code of Regulations
Title 15, Crime Prevention and Corrections
Department of Corrections and Rehabilitation

**NOTICE IS HEREBY GIVEN** that the Secretary of the California Department of Corrections and Rehabilitation (CDCR), pursuant to the authority granted by Government Code Section 12838.5, Penal Code (PC) Section 5058, and the rulemaking authority granted by PC Section 5058.3, in order to implement, interpret and make specific PC Section 5054, proposes to adopt and amend Sections 3000, 3315, 3323, and 3341.5 of the California Code of Regulations (CCR), Title 15 concerning inmate indecent exposure.

## PUBLIC HEARING:

| | |
|---|---|
| Date and Time: | May 1, 2007 – 9:00 am to 10:00 am |
| Place: | Corrections Standards Authority<br>Large Conference Room – West Entrance<br>660 Bercut Drive<br>Sacramento, CA  95814 |
| Purpose: | To receive comments about this action. |

## PUBLIC COMMENT PERIOD:

The public comment period will close, May 1, 2007 at 5:00 p.m. Any person may submit public comments in writing (by mail, by fax, or by e-mail) regarding the proposed changes. To be considered by the Department, comments must be submitted to the CDCR, Regulation and Policy Management Branch, P.O. Box 942883, Sacramento, CA 94283-0001; by fax at (916) 341-7366; or by e-mail at RPMB@cdcr.ca.gov before the close of the comment period.

## CONTACT PERSON:

Please direct any inquiries regarding this action to:

**Timothy M. Lockwood, Chief**
**Regulation and Policy Management Branch**
**Department of Corrections and Rehabilitation**
**P.O. Box 942883, Sacramento, CA 94283-0001**
**Telephone (916) 341-7390**

In the event the contact person is unavailable, inquires should be directed to the following back-up person:

**Ann Cunningham**
**Regulation and Policy Management Branch**
**Telephone (916) 341-7390**

Questions regarding the substance of the proposed regulatory action should be directed to:

**Nancy L. Hardy, Associate Warden**
**High Security and Transitional Housing**
**Division of Adult Operations**
**Telephone: (916) 327-5034**

## LOCAL MANDATES:

This action imposes no mandates on local agencies or school districts, or a mandate which requires reimbursement pursuant to Government Code Section 17561.

**EXHIBIT 5**

## INFORMATIVE DIGEST/POLICY STATEMENT OVERVIEW:

Penal Code (PC) Section 5000 provides that commencing July 1, 2005, any reference to the Department of Corrections in this or any code, refers to the CDCR, Division of Adult Operations.

PC Section 5054 provides that the supervision, management, and control of the State prisons, and the responsibility for the care, custody, treatment, training, discipline, and employment of persons confined therein are vested in the director. Commencing July 1, 2005, the supervision, management, and control of the state prisons, and the responsibility for the care, custody, treatment, training, discipline, and employment of persons confined therein are vested in the Secretary of the CDCR.

PC Section 5058 authorizes the Director to prescribe and amend regulations for the administration of prisons.

PC Section 5058.3 authorizes the Director to adopt, amend, or repeal emergency regulations conducted pursuant to Government Code Section 11340.

- This action amends and adopts provisions governing the inmate indecent exposure within the California Department of Corrections and Rehabilitation (CDCR). This language is being amended as a result of a Court decision in the case of *Freitag vs. California Department of Corrections and Rehabilitation*, Case No. CV-00-02278-TEH, U.S. Court of Appeals for the Ninth Circuit. The original Indecent Exposure Program was implemented through a 24-month Pilot Program at Pelican Bay State Prison by Order Granting Injunctive Relief, U. S. Northern District Court Citation No. C00-2278-TEH (EDL).Judge Henderson, has stressed that a statewide rollout of the Program must be implemented immediately in order to reduce inmate sexual misconduct incidents at all institutions in the State.

- The purpose of the program is to encourage acceptable behavior among inmates and to provide a work environment in which staff is not subject to a sexually hostile work environment because of inmate sexual misconduct. This pilot program is designed to discourage inmates from engaging in Indecent Exposure and Sexual Disorderly Conduct.

- The CDCR has identified a need to promote compliance with regulations and policies among inmates that commit Indecent Exposure and Sexual Disorderly Conduct violations. When an inmate deliberately exposes their person, or the private parts thereof, including genitals, buttocks, or breasts to a staff member or inappropriately touches themself under circumstances likely to cause affront, there is a legal mandate requiring a prompt and effective remedial action be taken on the part of CDCR.

- This Plan for the Management of Indecent Exposure and Sexual Disorderly Conduct Incidents will require that inmates found guilty of committing an Indecent Exposure or Sexual Disorderly Conduct offense would be subject to credit and privilege losses including canteen, appliances, and annual and/or quarterly package restrictions in excess of those currently provided for in the CCR, Title 15, Crime Prevention and Corrections. Additionally, inmates found guilty of committing Indecent Exposure or Sexual Disorderly Conduct offenses may also be subject to the assessment of an "R" suffix at the discretion of the classification committee and retention in the Security Housing Unit (SHU).

- Inmates who engage in acts of Indecent Exposure or Sexual Disorderly Conduct will be subjected to Security Measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff. Security Measures are tools used by staff for a determinate period to identify, prevent, and curtail the threatening behavior. There are two kinds of Security Measures, Precautions and Restrictions. Security Precautions are not used as a punishment and should not be confused with disciplinary restrictions. Security Restrictions are applied as a result of a disciplinary action where inmates are afforded due process.

*EXHIBIT 5*
*CONT'D*

26.

## INITIAL STATEMENT OF REASONS:

This action amends and adopts provisions governing the inmate indecent exposure within the California Department of Corrections and Rehabilitation (CDCR). California Code of Regulations (CCR), Sections 3000, 3315, 3323, and 3341.5 are being amended as a result of a Court decision in the case of *Freitag vs. California Department of Corrections and Rehabilitation*, Case No. CV-00-02278-TEH, U.S. Court of Appeals for the Ninth Circuit. The original Indecent Exposure Program was implementation through a 24-month Pilot Program at Pelican Bay State Prison by Order Granting Injunctive Relief, U. S. Northern District Court Citation No. C00-2278-TEH (EDL). Judge Henderson, has stressed that a statewide rollout of the Program must be implemented immediately in order to reduce inmate sexual misconduct incidents at all institutions in the State.

The purpose of the program is to encourage acceptable behavior among inmates and to provide a work environment in which staff is not subject to a sexually hostile work environment because of inmate sexual misconduct. This pilot program is designed to discourage inmates from engaging in Indecent Exposure and Sexual Disorderly.

The CDCR has identified a need to promote compliance with regulations and policies among inmates that commit Indecent Exposure and Sexual Disorderly Conduct violations. When an inmate deliberately exposes his or her person, or the private parts thereof, including genitals, buttocks, or breasts to a staff member or inappropriately touches his or her self under circumstances likely to cause affront, there is a legal mandate requiring a prompt and effective remedial action be taken on the part of CDCR. This Plan for the Management of Indecent Exposure and Sexual Disorderly Conduct Incidents will require that inmates found guilty of committing an Indecent Exposure or Sexual Disorderly Conduct offense would be subject to credit and privilege losses including canteen, appliances, and annual and/or quarterly package restrictions in excess of those currently provided for in the CCR, Title 15, Crime Prevention and Corrections. Additionally, inmates found guilty of committing Indecent Exposure or Sexual Disorderly Conduct offenses may also be subject to the assessment of an "R" suffix at the discretion of the classification committee and retention in the Security Housing Unit (SHU).

Inmates who engage in acts of Indecent Exposure or Sexual Disorderly Conduct will be subjected to Security Measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff. Security Measures are tools used by staff for a determinate period to identify, prevent, and curtail the threatening behavior.

There are two kinds of Security Measures, Precautions and Restrictions. Security Precautions are not used as a punishment and should not be confused with disciplinary restrictions. Security Restrictions are applied as a result of a disciplinary action where inmates are afforded due process.

The Department has determined that no reasonable alternatives to the regulations have been identified or brought to the attention of the Department that would lessen any adverse impact on small business.

The Department has made an initial determination that the action will not have a significant adverse economic impact on business. Additionally, there has been no testimony or other evidence provided that would alter the Department's initial determination.

The Department has determined that this action imposes no mandates on local agencies or school districts, or a mandate, which requires reimbursement pursuant to Part 7 (Section 17561) of Division 4.

EXHIBIT 5
CONT'D

The Department must determine that no alternative considered would be more effective in carrying out the purpose of this action or would be as effective, and less burdensome to affected private persons than the action proposed.

**Section 3000 is amended** to incorporate the word definition for Indecent Exposure and Sexually Disorderly Conduct. PC Section 314 is the basis for the Indecent Exposure definition. It is necessary for this language to be placed in the CCR for clarity and ease of understanding for correctional staff for expedited reference and an explanation specific to inmate behavior regarding indecent exposure. The definition for Sexually Disorderly Conduct was extracted from various sections within the PC and within the *Freitag* Stipulated Agreement ordered by Federal Judge Henderson. These definitions are necessary to endure that the behavior regarding indecent exposure and sexually disorderly conduct are clear as not to be confused with other behavior issues. The Note Section of the CCR has been amended to include PC 314 and 647(a) regarding the definition of Indecent Exposure and Sexually Disorderly Conduct.

**Subsection 3315(a) through (f)(5)(K) are unchanged.**

**Subsection 3315(f)(5)(L), (L)1 and (L)2 is adopted** to include indecent exposure or sexually disorderly conduct to the list of misconduct that shall be reportable as a serious rule violation. The specific acts of indecent exposure or sexual disorderly conduct are in violation of section 3007, Sexual Behavior rule violation. Sections 3323(d)(7), (f)(5) and (g)(8) are used to provide staff the parameters of disposition that can be assessed for that offense as a result of a finding of guilt. This section describes the specific loss of privileges for first, second and subsequent offense violation that include the loss of any or all of the following:  loss of canteen, loss of appliances, annual and/or vendor packages, telephone privileges and loss of personal property.  The first, second and subsequent offense violation(s) shall result in the same privilege loss as above for 90 days and up to 180 days, respectively.  This loss of privilege is necessary to provide incentive for proper inmate behavior.

**Subsection 3315(g) is unchanged.**

**The Note Section is amended** to add Penal Code Sections 314 and 647(a) as references regarding Indecent Exposure and Sexually Disorderly Conduct.

**Subsections 3323(a) through 3323(d)(6) are unchanged.**

**New subsection 3323(d)(7) is adopted** to include Indecent Exposure with a prior court conviction under PC 314 or PC 288 is to be classified as a Division "B" offense.  Including this offense, as defined in Section 3000, in this subsection will aid staff in correctly classifying Indecent Exposure with a prior court conviction as a Division "B" offense. Inmates who engage in acts of Indecent Exposure will be subjected to security measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff.

**Existing subsection 3323(d)(7) through 3323(d)(8) is renumbered to 3323(d)(8) through 3323(d)(9) respectively, and is unchanged.**

**Subsections 3323(e) through 3323(f)(4) is unchanged.**

**Subsection 3323(f)(5) is amended** to specify that Indecent Exposure without a prior court conviction under PC 314 or PC 288 is included as a Division "D" offense.  Including this offense, as defined in Section 3000, in this subsection will aid staff in correctly classifying Indecent Exposure without a prior court conviction as a Division "D" offense. Inmates who engage in acts of Indecent Exposure will be

*EXHIBIT 5*
*CONT'D*

subjected to security measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff.

Subsections 3323(f)(6) through 3323(g)(7) are unchanged.

New Subsection 3323(g)(8) is adopted to specify that sexual disorderly conduct, as defined in Section 3000, is included as a Division "E" offense. Including this offense in this subsection will aid staff in correctly classifying sexual disorderly conduct as a Division "E" offense. Inmates who engage in acts of Sexual Disorderly Conduct will be subjected to security measures that are designed to decrease the opportunity for the inmate to repeat the behavior and/or minimize the impact that the behavior has on prison staff.

Existing subsection 3323(g)(8) through 3323(g)(9) is renumbered to 3323(g)(9) through 3323(g)(10) respectively, and is unchanged.

Subsections 3323(h) through 3323(k) are unchanged.

The Note Section is amended to add Penal Code Section 314 as a reference regarding Indecent Exposure and Sexually Disorderly Conduct.

Subsections 3341.5(a) through 3341.5(c)(9)(J) are unchanged.

New subsection 3341.5(c)(9)(K) is adopted to include the category of Sexual Misconduct, in the Segregated Housing Unit (SHU) Term Assessment Chart. Sexual Misconduct includes Indecent Exposure and Sexual Disorderly Conduct (with two or more offenses within a twelve month period). The typical SHU term will be fixed as follows: Low – 3 months, Expected – 6 months and High – 9 months terms. The SHU term shall be set at the expected range unless a classification committee finds factors exist which warrant the imposition of a lesser or greater period of confinement.

Existing subsection 3341.5(c)(9)(K) through 3341.5(c)(9)(L) is renumbered to 3341.5(c)(9)(L) through 3341.5(c)(9)(M) respectively, and is unchanged.

Subsection 3341.5(c)(10) through 3341.5(c)(10)(B) is unchanged.

The Note Section is amended to add Penal Code Section 314 as a reference regarding Indecent Exposure and Sexually Disorderly Conduct.

Text of Proposed Regulations

n the following text, underlining indicates adopted or amended text; and strikethrough indicates deleted text.

3000. Definitions.

Section 3000 is amended to read:

The definition below is alphabetically merged in the regulations and is adopted to read:

*
*
*

Indecent Exposure means every person who willfully and lewdly, either: exposes his or her person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or, procures, counsels, or assists any person so to expose him or her self or take part in any model artist exhibition, or to make any other exhibition of him or her self to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts.

*
*
*

Sexual Disorderly Conduct means every person who touches, without exposing, his or her genitals, buttocks or breasts in a manner that demonstrates it is for the purpose of sexual arousal, gratification, annoyance, or offense, and that any reasonable person would consider this conduct offensive.

NOTE: Authority cited: Sections 2717.3, 5058, and 5058.3, Penal Code; Section 10115.3(b), Public Contract Code; and Section 4525(a), 4526 and 14837, Government Code. Reference: Sections 186.22, 243, 314, 530, 532, 646.9, 653m, 832.5, 1389, 2080, 2081.5, 2600, 2601, 2700, 2717.1, 2717.6, 2932.5, 4570, 5009, 5054, 5068, and 7000 et seq., Penal Code; Sections 1132.4 and 1132.8, Labor Code; Sections 10106, 10108, 10108.5, 10115, 10115.1, 10115.2,10115.3, and 10127, Public Contract Code; and Section 999, Military and Veterans Code; Section 391, Code of Civil Procedure; *In re Bittaker*, 55 Ca.App. 4th 1004, 64 Cal.Rptr. 2d 679; and Section 11007, Health and Safety Code.

3315. Serious Rule Violations.

Subsections 3315(a) through (e) are unchanged.

(f) Disposition. Upon completion of the fact-finding portion of the disciplinary hearing, the inmate may be found:

**Subsection 3315(f)(1) through (f)(5)(K) is unchanged.**

(5) The disposition may or when mandated shall include assessment of one or more of the following:

**New subsection 3315(f)(5)(L), (L) 1 and (L)2 is adopted to read:**

(L)   Violation of Indecent Exposure or Sexual Disorderly Conduct of sections 3007, 3323(d)(7), 3323(f)(5), and 3323(g)(8) shall result in:

1.   First offense violation shall result in loss of any or all of the following for up to 90 days: canteen, appliances, vendor packages, telephone privileges, and personal property.

2.   Second offense and subsequent offense violation(s) shall result in loss of any or all of the following for up to 180 days: canteen, appliances, vendor packages, telephone privileges, and personal property.

**Subsection 3315(g) is unchanged.**

**The Note Section is amended to read:**

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 295–300.3, 314, 530, 532, 646.9, 647, 653m, 2931, 2932, 2933, 4573.6, 5054, 5068 and 12020, Penal Code.

**3323. Disciplinary Credit Forfeiture Schedule.**

**Subsections 3323(a) through 3323(d)(6) are unchanged.**

**New subsection 3323(d)(7) is adopted to read:**

(7) Indecent Exposure with prior court conviction under PC 314 or PC 288.

**Existing subsection 3323(d)(7) through 3323(d)(8) are renumbered to 3323(d)(8) through 3323(d)(9) respectively, and is unchanged.**

(78) Any felony not involving violence or the use of a weapon not listed in this schedule.

(89) Conspiracy to commit any Division "B" offense.

**Subsections 3323(e) through 3323(f)(4) are unchanged.**

CALIFORNIA MEN'S COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101
Name: Ronald B. Rich
CDCR # H-65259  Cell # 6206X

**STATE PRISON
GENERATED MAIL**







CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409

02 1R
0000855.42JD
MAILED FROM ZIP

ATTN: Clerk of Court
United States District Court
Central District of California
312 North Spring St. Room G-8
L.A. California 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 13 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive
and Clerk of Court

Monday, November 01, 2010

**RONALD D. BIRCH**
**H-65259**
**P.O. BOX 8101**
**SAN LUIS OBISPO, CA. 93409**


Dear Sir/Madam:

    A Complaint for Civil Rights was filed today on your behalf and assigned civil case number
    CV10- 7749 CJC (DTB)



A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
     assigned civil case number _____

Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____
☒ Magistrate Judge _____ **David T. Bristow** _____
at the following address:

☐ U.S. District Court          ☐ Ronald Reagan Federal          ☒ U.S. District Court
   312 N. Spring Street            Building and U.S. Courthouse      3470 Twelfth Street
   Civil Section, Room G-8         411 West Fourth St., Suite 1053   Room 134
   Los Angeles, CA  90012          Santa Ana, CA  92701-4516         Riverside, CA 92501


The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                              Sincerely,

                              Clerk, U.S. District Court


                              By: ___ RMARSHAL _____
                                      Deputy Clerk


CV-19 (04/01)          **LETTER re FILING CIVIL RIGHTS COMPLAINT**

9-8-10